# EXHIBIT 11



THE
**WEISER**
LAW FIRM
WWW.WEISERLAWFIRM.COM

<u>PENNSYLVANIA</u>
22 CASSATT AVE.
BERWYN, PA 19312
TELEPHONE: (610) 225-2677
FACSIMILE: (610) 408-8062

<u>CALIFORNIA</u>
12707 HIGH BLUFF DRIVE, SUITE 200
SAN DIEGO, CA 92130
TELEPHONE: (858) 794-1441
FACSIMILE: (858) 794-1450

The Honorable James F. Vano
Johnson County Courthouse
100 N. Kansas Ave
Olathe, KS 66061-3273

     **Re:**   *Ross-Williams v. Bennett et al.*, Case No. 11-cv-01688

Dear Judge Vano –

     We write to provide promptly important information that the Weiser Law Firm, P.C. (the "Firm") has just learned with respect to a person whose time records were submitted to the Court together with a declaration in connection with the above-referenced shareholder derivative action (the "Action").

     As of February 2, 2017, the Firm learned that a person who had held himself out to us as Alexander J. Silow ("Silow"), was in actuality named Jeffrey M. Silow, and more importantly, that Mr. Silow is not a licensed Pennsylvania attorney in good standing, having been disbarred in Pennsylvania in 1987.[1]  Mr. Silow regularly represented to the Firm (as he represented to this Court in the Action) that he was a duly licensed, active attorney.  The Firm suspects that Mr. Silow may have misrepresented himself to numerous other law firms (including some of the largest law firms in this country) for many years, both before and after Mr. Silow began working with the Firm during the past decade.  Mr. Silow has immediately been released from any ongoing projects with the Firm and we are contacting any and all Courts where Mr. Silow's time records were previously submitted by the Firm.

     Mr. Silow began working with the Firm after a very well-respected attorney recruiting agency in Philadelphia, Abelson Legal Search ("Abelson"), recommended him to us.  Abelson represented to us at that time that Mr. Silow had worked on "four projects" through their service, and that Mr. Silow was "an excellent candidate…very experienced in document review projects of all types [who] works very hard and long hours."  *See* attached email and resume.  The Firm was informed both by Abelson and by Mr. Silow that Mr. Silow was a licensed attorney in good standing.

---

[1]  Although not yet confirmed, it appears as though Mr. Silow has also been suspended from the practice of law by the District of Columbia.

On February 2, 2017, after being contacted by a third party not directly involved in the Action, the Firm learned that no "Alexander J. Silow" could be found on the Pennsylvania Disciplinary Board website. Mr. Silow was then immediately contacted via e-mail by us to present his Pennsylvania bar identification number. Within minutes, Mr. Silow provided us with a Pennsylvania attorney identification number, which we then quickly determined corresponded with an "Alexander L. Silow" practicing in Pennsylvania. In a subsequent telephone conversation that morning, Mr. Silow reiterated that he was and is a licensed attorney in Pennsylvania and the District of Columbia in good standing. Minutes after this initial phone call ended, however, Mr. Silow telephoned the Firm and during a second telephone conversation, confessed that he had been disbarred in Pennsylvania "since 1990".[2] Moreover, although he did not state this to us, the Firm has now confirmed that Mr. Silow's legal name is not "Alexander J. Silow," but rather is "Jeffrey Mark Silow."

The Firm is in contact with both ethics and legal counsel, and has already contacted the Pennsylvania Disciplinary Board and other authorities.

With respect to this Action, we believed that Mr. Silow performed the work the reported time records indicate (as supported by the Firm's additional filings with this Court showing records from the electronic document review database).[3] Nonetheless, the Firm is aware that Mr. Silow has been held out as an active attorney, and that Mr. Silow's declaration, signed under penalty of perjury, states, *inter alia,* that he is a licensed attorney in good standing that had never been the subject of any disciplinary action. His declaration is therefore false in material respects. According, the Firm will not be participating in any recovery that may result from the pending Cross-Appeal.

I am available at the Court's convenience either via telephone or in-person.

Sincerely,

Robert B. Weiser

---

[2]  As noted above, according to the Disciplinary Board of Pennsylvania, Mr. Silow was actually disbarred on December 23, 1987.

[3]  We believe this to be true because the documents reviewed in the Action were hosted by on the Relativity platform. It would not be possible for anyone outside of Relativity to manipulate the data points associated with this review.

## Brett Stecker

| | |
|---|---|
| **From:** | Jessica Abelson <jabelson@abelsonlegalsearch.com> |
| **Sent:** | Friday, June 27, 2008 2:12 PM |
| **To:** | Brett D. Stecker |
| **Cc:** | Robert Weiser |
| **Subject:** | New Candidate Resumes - Document Review Project |
| **Attachments:** | JBorock Resume Logo 6-2008.doc; SJones Resume logo 6-2008.doc; JSilow Resume logo 6-2008.doc |

Dear Brett & Robb,

Under strict confidence please find the resumes for **Jacqueline Borock, Esq., Sharon L. Jones, Esq., and Jeffrey Silow, Esq.** for your review and consideration. All are excellent candidates and would like to be considered for your document review project. A little more information on the candidates are as follows:

**Jacqueline Borock, Esq.** — Although she lives in Kingston NY she has close ties to Philadelphia. She is able to come in to Philadelphia to get training and meet with you with out a problem. She is very eager to meet with you to discuss the project in more detail.

**Sharon L. Jones, Esq.** — Very pleasant, professional and articulate on the phone. She is local and can absolutely commit to the project.

**Jeffrey Silow, Esq.** — We have worked with Jeff on at least four other projects. He is VERY experienced in document review projects of all types and works very hard and long hours.

Please let me know your thoughts regarding these candidates.

Best regards,
Jessica

 Abelson Legal Search

**Attorneys, Paralegals & Legal Professionals**

**Jessica Abelson**
Legal Recruiter
1600 Market Street, Suite 505
Philadelphia, Pa. 19103
jabelson@abelsonlegalsearch.com
(215) 561-3010
www.abelsonlegalsearch.com

1

 Abelson Legal Search

**Attorneys, Paralegals & Legal Professionals**

**Jeffrey Silow, Esq.**
**Cell phone: (215)341-1561**
**Email: triman1@gmail.com**

**Contract Projects:  Electronic and hard copy reviews and trial preparation in finance, patent, antitrust and securities litigation, governmental investigations and acquisition/divestiture matters; supervision and quality control of other reviewers; privilege log; second request reviews; deposition digesting; and travel to perform duties.**

<u>**Selected Project Examples (2000 – 2008):**</u>
<u>McCarter & English,</u> Newark, NJ
Reviewed documents for responsiveness, confidentiality and privilege in pharmaceutical class action litigation matter.
<u>Milberg Weiss Bershad Hynes & Lerach LLP,</u> New York, NY
Electronic and hard copy document reviews for issue responsiveness in class action matters.
<u>Skadden Arps Slate Meagher & Flom,</u> New York, NY
Electronic document reviews in antitrust matter. Authored privilege log.  Prepared witness binders.  Deposition digesting.  2nd request.  Supervision and quality control of reviewers.  Traveled to review documents.
<u>Hogan & Hartson, Washington, DC</u>
Electronic document reviews and authored privilege logs in securities fraud, financial, FCPA and Hart-Scott-Rodino litigation matters.
<u>Steptoe & Johnson,</u> Washington, D.C.
Performed substantive document reviews, including privilege logs, in response to Justice Department CID and Grand Jury and U.S. Senate subpoenas.
<u>White & Case,</u> Washington, D.C.
Electronic document reviews in antitrust case.  Prepared witness binders and deposition digesting.  Supervised creation of privilege log.
<u>Crowell & Moring,</u> Washington D.C.
Document review in antitrust acquisition matter.  2nd request.  Traveled to perform duties.
<u>McKesson Corporation,</u> Philadelphia, PA/San Francisco, CA
Subpoena response in class action/patent matter where client was not a party.  Supervision and quality control of reviewers.  Traveled to review documents.

<u>**Other Employment:**</u>
<u>National Association of Securities Dealers, Inc.,</u> Washington, DC
Office of General Counsel; Federal litigation, arbitrations and Board of Governors presentations as well as advice to members.
<u>Pennsylvania Securities Commission,</u> Harrisburg, PA
Office of General Counsel, Senior Attorney; Investigation, financial analysis and prosecution of securities regulatory filings and matters.
<u>Tax Debt Negotiators, Inc.,</u> Los Angeles, CA
Responsible for in-house matters including tax matters, litigation, reviewing and drafting leases, contracts and regulatory filings.

**Computer Training:** Concordance, Lextranet, Summation, Ringtail, Applied Discovery, DocHunter, Microsoft Word, Microsoft Office, Microsoft Outlook, Lotus Notes
**Languages:**  English, working knowledge of Spanish, French, German

**Education:**
JD, University of Miami School of Law 1974
BS (Mathematics), La Salle University 1971

**Bar Admissions:** District of Columbia



THE
WEISER
LAW FIRM
WWW.WEISERLAWFIRM.COM

PENNSYLVANIA
22 CASSATT AVE.
BERWYN, PA 19312
TELEPHONE: (610) 225-2677
FACSIMILE:  (610) 408-8062

CALIFORNIA
12707 HIGH BLUFF DRIVE, SUITE 200
SAN DIEGO, CA 92130
TELEPHONE: (858) 794-1441
FACSIMILE: (858) 794-1450

February 6, 2017

Douglas T. Shima
Clerk of the Appellate Court
Kansas Court of Appeals
Appellate Clerk's Office
301 SW 10th Ave.
Topeka, KS 66612-1507

> **Re:**   *Ross-Williams v. Bennett et al.*, **Appellate Case No. 17-117139-A**

Dear Mr. Shima:

We write to bring to the Court's attention an inaccuracy in the record in the above referenced action (the "Action"), which is currently pending before the Court.    Counsel for Cross-Appellant Monica Ross-Williams, The Weiser Law Firm, P.C. (the "Firm"), recently learned that a declaration submitted to the District Court of Johnson County (the "District Court") below, by a former affiliate of the Firm, is inaccurate in material respects.  The Firm believes it is its obligation to inform the Court before briefing in this matter begins.

A central question on appeal in the Action is whether the District Court properly evaluated Plaintiff's counsel's request for fees and expenses in association with the material benefits provided to the corporation in this Action.   In connection with this request, District Court Judge James Vano ("Judge Vano") requested that the Firm submit attorney billing records for *in camera* review. *See* Transcript of May 26, 2016 Hearing.  The Firm submitted time on behalf of a former affiliate of the Firm who worked on an extensive, three-year document review project. *See* Plaintiff's Supplemental Brief in Further Support of Award of Attorneys' Fees and Reimbursement of Expenses. This submission would later include a declaration, sworn under the penalty of perjury, from the document reviewer stating that he was a member in good standing of the Pennsylvania and District of Columbia bar associations and had never been accused of an ethical violation or the subject of any disciplinary action. *See* Plaintiff's Second Motion to Alter or Amend the Court's November 22, 2016 Order.  The Firm has learned that this declaration was not true at the time it was submitted.

As of February 2, 2017, the Firm learned that a person who had held himself out to us as Alexander J. Silow ("Silow"), was in actuality named Jeffrey M. Silow, and more importantly, that Mr. Silow is not a licensed Pennsylvania attorney in good standing, having been disbarred in

Pennsylvania in 1987.[1]  Mr. Silow regularly represented to the Firm (as he represented to the District Court) that he was a duly licensed, active attorney.  The Firm suspects that Mr. Silow may have misrepresented himself to numerous other law firms (including some of the largest law firms in this country) for many years, both before and after Mr. Silow began working with the Firm during the past decade.  *See* attached email and resume.  Mr. Silow has immediately been released from any ongoing projects with the Firm and we are contacting any and all courts where Mr. Silow's time records were previously submitted by the Firm.[2]

Mr. Silow began working with the Firm after a very well-respected attorney recruiting agency in Philadelphia, Abelson Legal Search ("Abelson"), recommended him to us.  Abelson represented to us at that time that Mr. Silow had worked on "four projects" through their service, and that Mr. Silow was "an excellent candidate…very experienced in document review projects of all types [who] works very hard and long hours."  *See* attached email and resume.  The Firm was informed both by Abelson and by Mr. Silow that Mr. Silow was a licensed attorney in good standing.

On February 2, 2017, after being contacted by a third party not directly involved in the Action, the Firm learned that no "Alexander J. Silow" could be found on the Pennsylvania Disciplinary Board website.  Mr. Silow was then immediately contacted via e-mail by us to present his Pennsylvania bar identification number.  Within minutes, Mr. Silow provided us with a Pennsylvania attorney identification number, which we then quickly determined corresponded with an "Alexander L. Silow" practicing in Pennsylvania.  In a subsequent telephone conversation that morning, Mr. Silow reiterated that he was and is a licensed attorney in Pennsylvania and the District of Columbia in good standing.  Minutes after this initial phone call ended, however, Mr. Silow telephoned the Firm and during a second telephone conversation, confessed that he had been disbarred in Pennsylvania "since 1990."[3]  Moreover, although he did not state this to us, the Firm has now confirmed that Mr. Silow's legal name is not "Alexander J. Silow," but rather is "Jeffrey Mark Silow."

The Firm is in contact with both ethics and legal counsel, and has already contacted the Pennsylvania Disciplinary Board and other authorities.

With respect to this Action, the Firm continues to believe that the time records from Mr. Silow are accurate (as supported by the Firm's additional filings with the District Court showing records from the electronic document review database).  Nonetheless, the Firm is aware that the record before this Court is inaccurate and the Firm is actively attempting to correct the record

---

[1]  Although not yet confirmed, it appears as though Mr. Silow has also been suspended from the practice of law by the District of Columbia for non-payment of dues.

[2]  Mr. Silow's relationship with the Firm was limited to initial document review: at no time did Mr. Silow ever have any client contact, nor sign pleadings on behalf of the Firm, nor make any court appearances on behalf of the Firm.

[3]  As noted above, according to the Disciplinary Board of Pennsylvania, Mr. Silow was actually disbarred on December 23, 1987.

below.[4]   In the event the Firm is procedurally unable to do so, we felt it was our ethical obligation to ensure this matter was timely raised before the Court.

I am available at the Court's convenience either via telephone or in-person.

Sincerely,

Robert B. Weiser

---

[4] Similar correspondence has been sent to Judge Vano on February 3, 2017.