# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE WEISER LAW FIRM, P.C., et al, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| MICHAEL HARTLIEB, | : | No. 19-2728 |
| Defendant. | : | |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                      April 29, 2021
**U.S. Magistrate Judge**

      In this highly contentious case, the attorneys appear to be competing for the title of who can raise the most discovery disputes. Apparently lost on them is the concept that discovery is more efficient and cost-effective for their clients if they work together and reach compromises. Such cooperation saves judicial resources and promotes respect for the bar.

      Plaintiffs, Robert Weiser, Esquire and his firm, The Weiser Law Firm, P.C. ("Weiser"), have sued Defendant Michael Hartlieb for defamation, intentional infliction of emotional distress, commercial disparagement, and false light. Amended Compl. (doc. 69). Weiser has presented numerous emails sent by Hartlieb about Weiser to various attorneys, members of the judiciary, and their staff.

      Based on its allegations concerning Hartlieb's conduct, Weiser sought an order to keep certain documents confidential. See 3/19/2021 Cross-Motion for Protective Order (doc. 76). On March 30, 2021, I granted the Protective Confidentiality Order.[1] See 3/30/2021 Amended Protective Confidentiality Order (doc. 81) (the "Order"). The Order was later shared by

---

[1]     Due to a misunderstanding, the Order was thought to be stipulated by the parties. See 3/29/2021 Stipulated Confidentiality Order (doc. 79).

Hartlieb's attorneys with third parties, who provided documents pursuant to the Order. See Reply (doc. 93), Exs. 1, 3. Nearly two weeks later, on April 12, 2021, Hartlieb finally objected to the Order, by writing a letter claiming he had not been given an opportunity to respond to Weiser's motion and requesting time to file a response. See 4/12/2021 Letter from E. Merrigan (doc. 87). I granted Hartlieb's request and Hartlieb has filed a formal opposition to the Order. See 4/13/2021 Order (doc. 89); Resp. (doc. 90). Weiser has filed a reply and a third party, Jeffrey Silow, who provided information to Hartlieb pursuant to the Order, has expressed support for the Order. See Reply; Resp., Ex. A, J Silow. I also have conducted an in camera review of an affidavit provided to Hartlieb's counsel by Silow.

As a preliminary matter, Wesier argues that Hartlieb has waived his right to object to the Order by failing to immediately object and waiting until documents were produced pursuant to the protective order. See Reply at 1-5. I retain the right to vacate or modify confidentiality orders, particularly where one party did not have a chance to respond and good cause is not shown. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790 (3d. Cir. 1994); Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).

Not surprising, given the parties' conduct to date, Hartlieb argues the converse: that Weiser waived its right to seek the Order because it knew he would not agree to a protective order in January 2021. See Resp. at 10-12. The email exhibits provided by Hartlieb, however, show that the parties continued to discuss a potential protective order after January 2021. See id., Ex. C.

For good cause and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," I may enter an order limiting the scope of disclosure or discovery to certain matters, designating the persons who may be present while the discovery is

2

conducted, and requiring "that a trade secret or other confidential research, development, or commercial information not to be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c); see also Pansy, 23 F.3d at 785 (courts also "have inherent equitable power to grant confidentiality orders"). Such orders, however, shall not "be granted arbitrarily." Pansy, 23 F.3d at 785. The party seeking protection must show disclosure of certain documents "will work a clearly defined and serious injury." Id. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

I must balance the litigants' interest in privacy against "the public's right to obtain information concerning judicial proceedings." Id. at 786. In doing so, I shall consider: (a) whether the information is being sought for a legitimate or improper purpose; (b) whether the disclosure will cause a party embarrassment; (c) whether the information is important to the public health and safety; (d) whether the sharing of information among litigants will promote fairness and efficiency; (e) whether the party benefitting from the order of confidentiality is a public entity or official; and (f) whether the case involves issues important to the public. Equal Employment Opportunity Comm'n v. Kronos Inc., 620 F.3d 287, 302 (3d Cir. 2010).

Weiser sought the Order to protect: (a) trade secrets and competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) private or confidential personal information; and (c) information received in confidence from third parties. See 3/19/2021 Cross-Motion, Ex. 7. Weiser also sought to limit the disclosure of highly sensitive business or personal information to attorneys. See id. Weiser explained that an order was necessary based on the allegations that Hartlieb had "either misrepresented or completely

falsified information regarding [Weiser] to [Weiser's] detriment." 3/19/2021 Cross-Motion at 21.

Hartlieb argues that Weiser has failed to specify the documents it seeks to protect as confidential and that it cannot establish that disclosure will result in a clearly defined and specific injury. Resp. at 8-9. He further notes that "there has not been a single instance of [him] using information gained to date outside of this matter," id. at 10, and contends the order will violate his right to free speech, id. at 17-18.

I agree that Weiser has not sufficiently identified the types of documents it is seeking to protect and how it will be harmed by disclosure. Weiser has not explained the types of trade secret, competitively sensitive marketing, financial, sales, and business information, as well as any personal and confidential information, it is seeking to protect, and how it will be harmed by disclosure of such documentation. See Miles v. Boeing Co., 154 F.R.D. 112, 114-15 (E.D. Pa. 1994).

Weiser also claims it is seeking to protect confidential information obtained from Abelson Legal Search and Silow. See Cross-Motion at 24. I have already ordered that information related to the settlement of Weiser's lawsuit against Abelson Legal Search and Silow, The Weiser Firm, P.C. v. Abelson Legal Search and Jeffrey Silow, 2017-0778-CT (the "Abelson/Silow Case"), be used solely for purposes of this lawsuit. See 3/19/2021 Order (doc. 76) ¶ 4; see also Resp. at 9. That information shall be disclosed only to: (a) the parties; (b) their attorneys in this case and their professional, clerical, secretarial and other support personnel to the extent necessary; (c) experts or consultants retained to assist counsel in this case and who have signed a non-disclosure agreement; (d) any deponent with knowledge of the information; and (e) the Court when submitted under seal.

Although an agreement to keep settlement communications confidential cannot preclude them from being discovered by third parties when relevant, the communications may be protected as confidential for good cause. See Pansy, 23 F.3d at 786-87; Kronos, 620 F.3d at 302. Weighing the factors expressed in Pansy and Kronos, good cause exists to limit the use and scope of information related to the settlement of the Abelson/Silow Case, as set forth above. Both this case and the Abelson/Silow Case involve private parties. The cases also do not feature public health or safety concerns that warrant public disclosure. Hartlieb argues that this case is of public importance because it is based on Weiser's knowing exploitation of publicly traded companies and their shareholders. That underlying issue, however, is disputed. It also does not elevate this private dispute to a case of public importance.[2] And by permitting material related to the settlement of the Abelson/Silow Case to be shared in a limited way, my order will promote fairness and efficiency while ensuring it is used for legitimate purposes related to this case.

The parties also dispute whether Silow's affidavit, which was part of the settlement of the Abelson/Silow Case, can be viewed only by the attorneys involved in this case pursuant to the Order. Silow provided the affidavit to Hartlieb's counsel in response to a subpoena request in reliance on the Order. See Reply, Ex. 5, 4/17/2021 Email from J. Silow. Based on my in camera review, I agree that it warrants protection. The affidavit includes sensitive information and Silow is a third party who cooperated based on a promise of confidentiality. Public disclosure of the affidavit will likely cause embarrassment and distress to Silow and his family.

Hartlieb argues that he needs "unfiltered access to the discovery in this case" because he is "intimately and extensively involved in this matter due to his knowledge in the type of

---

[2] Publicly traded companies owned by private shareholders are not public companies funded by taxpayers.

litigation in issue in this case." Resp. 19. I disagree. This case is not a shareholder derivative suit, of which Hartlieb professes specialized knowledge. See id. at 20. This is a defamation, false light, commercial disparagement, and intentional infliction of emotional distress case.

Hartlieb also asserts that denying him full access to information will violate his free speech rights and silence him from "continuing to draw attention to Plaintiffs' practices and the practices of others." Resp. at 17. Hartlieb does not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery," particularly where the disclosure of such information could cause injury and embarrassment to third parties. Seattle Times Co. v. Rhinehart, et al., 467 U.S. 20, 31 (1984); see also McCowan v. City of Philadelphia, 19-3326, 2021 WL 1193241, *4 (E.D. Pa. March 30, 2021). This case also involves claims against Hartlieb that, if true, are not protected by the First Amendment. See Herbert v. Lando, 441 U.S. 153, 171 (1979) ("Spreading false information in and of itself carries no First Amendment credentials").

Based on my review of the affidavit and consideration of the Pansy and Kronos factors, I find there is good cause to limit full access of Silow's affidavit to the attorneys involved in this lawsuit and the Court. Hartlieb's attorneys can review the affidavit and discuss its contents with him. They also can use the affidavit to question Silow and others who obtained the affidavit as part of the settlement of the Abelson/Silow Case. These limitations will allow Hartlieb and his attorneys to make use of the information in the affidavit to defend the claims against him, yet ensure that the affidavit remains private and not subject to public dissemination.

In accordance with this Opinion, I shall vacate the Order but limit access to information related to the settlement of the Abelson/Silow Case and Silow's affidavit as stated.