IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE WEISER LAW FIRM, P.C., et al.,** <br><br> Plaintiffs, <br><br> *v.* <br><br> **MICHAEL HARTLEIB,** <br><br> Defendant. | CIVIL ACTION <br><br> NO. 2:19-cv-02728-KSM |

### ORDER

**AND NOW**, this 14th day of April, 2023, upon consideration of Plaintiffs' Motion to Voluntarily Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. No. 220), and following a telephonic conference with the parties, the Court finds as follows:

1. Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. It states that a plaintiff may voluntarily dismiss a case without a court order if he or she either files a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or submits a stipulation of dismissal signed by all the parties who have appeared. Fed. R. Civ. P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

2. "A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court." *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008); *see also Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974) ("We take as a starting point that the district court has discretionary power to order the dismissal."). "In ruling on a motion to dismiss under Rule

41(a)(2), a court must examine the prejudice to the defendaent." *Dodge-Regupol, Inc.*, 585 F. Supp. 2d at 652. Generally, "Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990); *Connor v. Corp. Life Consultants*, Civil Action No. 06-2831, 2006 WL 2828865, at *1 (E.D. Pa. Sept. 29, 2006) ("The prejudice must be substantial; the prospect of a subsequent lawsuit is not sufficient to deny a motion to dismiss without prejudice." (quoting *Gen. Dev. Corp. v. Binstein*, 743 F. Supp. 1115, 1138–39 (D.N.J. 1990)).

3. The court must examine "the prejudice to the defendant, both in terms of legal prejudice and litigation expense.'" *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs. Inc.*, No. 3:10-cv-2513, 2012 WL 727943, at *2 (M.D. Pa. Mar. 6, 2012) (quoting *Dodge-Regupol, Inc.*, 585 F. Supp. 2d at 652). Factors relevant to this analysis include: (1) "the excessive and duplicative expense of a second litigation;" (2) "the effort and expense incurred by the defendant in preparing for trial;" (3) "the extent to which the current suit has progressed;" (4) the claimant's diligence in moving to dismiss; and (5) "the pendency of a dispositive motion by the non-moving party." *Id.* (quotation marks omitted).

4. Here, the Court concludes that Defendant would not be prejudiced by dismissal under Rule 41(a)(2). Critically, Plaintiffs have agreed to dismiss this matter *with prejudice*,[1]

---

[1] The Court emphasizes that it had not yet ruled on any of the reputational damages issues Plaintiffs raise in their motion. (Nor had the Court decided any of these issues at or during the final pretrial conference either—in fact, the Court directed the parties to provide supplemental letter briefs on reputational damages after the conference). (*See, e.g.*, Doc. No. 220-1 at 1 ("Plaintiffs so request this relief because particularly in light of the Court's raising of the issue of the need to prove reputational harm in order to recover damages for defamation, Plaintiffs do not wish to take the heightened risk of trial because, as admitted, Plaintiffs do not have independent third-party witnesses available to testify as to such reputational harm. Therefore, based on the Court's *sua sponte* raising of the issue and the case of *Ralston v. Garabedian*, the cost of trial and risks associated therewith no longer make practical sense." (citation omitted)); *id.* at 2–3 ("Further, on April 4, 2023, this Honorable Court raised, *sua sponte*, the issue of

and Defendant *did not object to dismissal* of this action during the telephone conference. Accordingly, it is **ORDERED** that Plaintiffs' Motion to Voluntarily Dismiss Pursuant to Rule 41(a)(2) (Doc. No. 220) is GRANTED.

**IT IS SO ORDERED.**

                                                                   **/s/ Karen Spencer Marston**
                                                                   _____
                                                                   KAREN SPENCER MARSTON, J.

---

whether Plaintiffs may recover damages under defamation theory without third-party testimony as to reputational harm. Depending on how the Court rules on the reputational harm issue, the scope of the Action could be even further narrowed or in effect eliminated, leading to an inefficient and wasteful use of judicial resources should this Aciton proceed to trial in its currenet form given the limited issues awaiting disposition.");