IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE WEISER LAW FIRM, P.C., et al.,** | **CIVIL ACTION** |
| Plaintiffs, | |
| *v.* | **NO. 19-2728-KSM** |
| **MICHAEL HARTLEIB,** | |
| Defendant. | |

## ORDER

**AND NOW**, this 20th day of February, 2025, upon consideration of Defendant's motion to dismiss (Doc. No. 231), which was filed without the certification of counsel required by Judge Marston's Policies and Procedures,[1] it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that while the parties may meet and confer about a forthcoming motion to dismiss, Defendant shall not file a motion to dismiss until the Court

---

[1] The Policies and Procedures warn that a motion to dismiss will be denied if it lacks the required certification:

> Before filing a motion pursuant to Fed. R. Civ. P. 12(b)(6), counsel shall first contact opposing counsel to discuss the substance of the contemplated motion and to provide an opportunity to cure any alleged pleading deficiencies. This conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the need for a 12(b)(6) motion, counsel for the moving party shall include, along with the 12(b)(6) motion, a certification that the parties met and conferred regarding the alleged pleading deficiencies. These efforts must include substantive verbal communications, whether by phone or in person. Exchanges of letters or e-mails are not sufficient. It is not sufficient to report that opposing counsel was not available or that the parties made "reasonable efforts." The Court will deny a 12(b)(6) motion that does not meet these requirements.

The Honorable Karen Spencer Marston, *Policies and Procedures* at 8.

grants him leave to do so.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
KAREN SPENCER MARSTON, J.